UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**BRANDON R. BRUIN**                                                                  **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 5:16CV-P105-GNS**

**WARDEN RANDY WHITE** *et al.*                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brandon R. Bruin, a convicted prisoner at the Kentucky State Penitentiary (KSP), filed a *pro se* complaint (DN 1) pursuant to 42 U.S.C. § 1983. The complaint is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. For the reasons that follow, a portion of the claims will be dismissed, and a portion of the claims will continue.

**I.**

Plaintiff brings this action against the following KSP officers and employees in their individual and official capacities: Warden Randy White; Grievance Coordinator Dan Smith; Unit Administrators Roger Mitchell, Bruce Von Dewingelo, and Jill Roberts; Sergeant James R. Beeler; Case Treatment Officer Micah Melton; and Corrections Officers James Smith and Charles Crick.

Plaintiff alleges that upon transfer to KSP on April 7, 2016, he advised KSP officers that he is a "'proclaimed Rastafarian, and the Locks upon my head were apart of my religious Beliefs.'" He reports that he had a state-court order prohibiting the grooming of his head and that on April 11, 2016, KSP non-Defendant Unit Administrator Shea Carlson "informed me I was permitted to continue my religious practice and if I inherited any problems, to direct my

opposers to her." He reports that non-Defendant Carlson also sent an email to "all Unit Supervisors to refrain from grooming" him.

According to Plaintiff, when KSP officers had wanted to cut his hair, he referred them to the orders and memo prohibiting the cutting of his hair and the officers would manually search his hair for contraband. Plaintiff reports that around April 12, 2016, he asked Defendant Melton to allow him to have a copy of the memorandum permitting him to retain his locks "because I felt uncomfortable with how officers were molesting and using derogatory and Bigotry statements toward my religious practices and Beliefs. Cto; Melton laughed and replied 'Technically by [or] plicy [w] can cut it" (alterations by Plaintiff). Plaintiff reports that he was not provided with a copy of the memorandum.

As a protection from removal of his hair, Plaintiff states that in early May 2015, he filed a grievance asking KSP "to cease the grooming of proclaimed Rastararians hair, and in addition . . . to have possession of written authorization." On May 16, 2016, Defendant Dan Smith denied Plaintiff's informal grievance, and Plaintiff was permitted to appeal directly to the Commissioner.

Plaintiff indicates that on May 26, 2016, he was transferred to the "'Super Maximum' housing unit." He alleges that on May 27, 2016, around 7:15 a.m., Defendants Crick, Mitchell, James Smith, and Beeler "approached Plaintiff's door, with a grievance allegedly Plaintiff filed, which allegedly gave authorization by KDOC Commissioner to cut Plaintiff's hair/locks." Plaintiff was ordered to remove the dreadlocks from his head, but Plaintiff advised Defendants that "Manually they (locks) do not come down or out, So their request wasn't feasible because I could not get possession of a comb, razor or clippers." Plaintiff reports telling Defendants about the court order and memo prohibiting the grooming his dreadlocks and indicates that Defendants

2

Beeler and Mitchell left to review the information and to contact Defendant White. Plaintiff alleges that later in the day at around 11:14 a.m.,

> [D]efendant(s) returned in mask and equiped with football like attire and x26 tasers. Defendant Beeler stated along with defendant Mitchell's Eloquence that defendant, White said "Cut it no excuses." Plaintiff was restrained by the use of force into a restraint chair at which time Plaintiff asked defendant(s) Mitchell, Smith, Crick and Beeler: "did the want to Search his head in relation to CPP 9.8 Search Policy. All relevent defendant(s) at this time cut Plaintiff's locks Perfidy to Constitutional rights, Corrections Policy and Procedures and on Honorable Court Order.

Plaintiff states that following the Defendants' cutting of his dreadlocks, he "noticed defendant Beeler possessed the locks in a garbage bag alone" and that when he "requested the locks be sent home to honor the covenant Separation to the lord, Beeler states: 'These contraband around her Boy,' with a sacastic grin, displaying no scruple and volumes of Bigotry and Solecism." Plaintiff reports filing a few grievances following the cutting of his dreadlocks, which Defendant Dan Smith rejected.

Plaintiff alleges several constitutional violations arising out of the cutting of his dreadlocks and failure to send them home, including a violation of the First Amendment Free Exercise Clause and the Fourteenth Amendment Due Process and Equal Protection Clauses.

Plaintiff additionally alleges an Eighth Amendment violation by Defendants White, Von Dewingelo, Roberts, and Melton for failing to protect him from an assault by another inmate on June 11, 2016. Plaintiff claims that Defendant Dan Smith rejected his grievance filed regarding this matter.

As relief, Plaintiff seeks damages and injunctive relief "to cease the Unlawful grooming of proclaimed Rastafarians."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Official-Capacity Claims for Damages

Plaintiff's claims for damages against Defendants in their official capacities must be dismissed. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from state officers in their official capacities, he fails to allege cognizable claims against them under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for damages against all Defendants in their official capacities.

*Kentucky v. Graham*, 473 U.S. at 169. For these reasons, the official-capacity claims for damages against all Defendants will be dismissed.

### B. Defendant Dan Smith

As to Defendant Dan Smith, Plaintiff claims that he rejected and denied Plaintiff's grievances. This claim fails to state a constitutional violation.

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk–Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the

denial/rejection of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation.

Therefore, the Court will dismiss the claims of denied/rejected grievances brought against Defendant Dan Smith for failure to state a claim upon which relief can be granted.

### C. Remaining Claims

Upon consideration, **the Court will allow Plaintiff's First Amendment Free Exercise and Fourteenth Amendment Due Process and Equal Protection claims arising out of the cutting of his dreadlocks and refusal to allow Plaintiff to send the cut dreadlocks home to proceed against Defendants Crick, Mitchell, James Smith, Beeler, and White** in their official capacities for injunctive relief and in their individual capacities for damages and injunctive relief. **The Court also will allow Plaintiff's Eighth Amendment failure-to-protect claim to proceed against Defendants Von Dewingelo, Roberts, and Melton** in their individual capacities for damages. In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case.

### III. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims for damages against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**IT IS FURTHER ORDERED** that the claims against Defendant Dan Smith are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief

may be granted. The **Clerk of Court is DIRECTED to terminate** Defendant Dan Smith as a party to this action.

Date: January 9, 2017

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.005