# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**BRANDON R. BRUIN**                                                                        **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 5:16-CV-P105-TBR**

**WARDEN RANDY WHITE** *et al.*                                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court for initial review of Plaintiff Brandon R. Bruin's *pro se* amended/supplemental complaints (DNs 34, 54, 57 & 89) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, some claims will continue, and others will be dismissed.

### I. BACKGROUND

Plaintiff is a convicted prisoner currently incarcerated at the Green River Correctional Complex (GRCC). His claims in this action, however, concern his incarceration at the Kentucky State Penitentiary (KSP). On initial review (DN 48) of the complaint (DN 1) pursuant to § 1915A, the Court allowed the following claims to continue: (1) Plaintiff's First Amendment free-exercise and Fourteenth Amendment due-process and equal-protection claims arising out of the May 2016 cutting of his dreadlocks and refusal to allow Plaintiff to send the cut dreadlocks home against Defendants Charles Crick, Roger Mitchell, James Smith, James R. Beeler, and Randy White in their official capacities for injunctive relief and in their individual capacities for damages and injunctive relief; and (2) Plaintiff's Eighth Amendment failure-to-protect claim arising out of an assault by another inmate in June 2016 against Defendants Bruce Von Dewingelo, Jill Roberts, and Micah Melton in their individual capacities for damages.

On initial review (DN 97) of amended/supplemental complaints (DNs 20, 23 & 26), the Court allowed the following claims to continue: (1) the First Amendment free-exercise and the

Religious Land Use and Institutionalized Persons Act (RLUIPA) claims regarding denial of a "Vegan/Ital Diet" against Defendants Melton, White, Terry Griffith, and Charles "'Aaron'" Davis in their official capacities for injunctive relief and in their individual capacities for damages and injunctive relief; (2) the First Amendment free-exercise claim regarding the cutting of dreadlocks against Defendant John Gibbs in his official capacity for injunctive relief and in his individual capacity for damages and injunctive relief and the RLUIPA claim regarding the cutting of dreadlocks against Defendants Charles Crick, Mitchell, James Smith, Beeler, White, Belt, Skyla Grief, Melton, Griffith, and Gibbs in their official capacities for injunctive relief and in their individual capacities for damages and injunctive relief; (3) the Eighth Amendment excessive-force claims regarding the July 30/August 1, 2016,[1] cell extraction against Defendants Jonathan Ruch and Griffith in their individual capacities for damages; and (4) the Eighth Amendment claim of deliberate indifference to a serious medical need regarding Plaintiff's claims of untreated high blood pressure, migraine headaches, loss of vision, tingling in limbs/fingers/toes, and episodes of loss of consciousness against Defendants Davis, Karen Vickery, and Shastine Tangilag in their individual capacities for damages and injunctive relief.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the amended/supplemental complaints under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court

---

[1] The exact date of this incident is unclear.

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

At the outset, the Court must address a few issues that pertain to the already reviewed complaint (DN 1) and amended/supplemental complaints (DNs 20, 23 & 26) and to the amended/supplemental complaints currently before the Court for review (DNs 34, 54, 57 & 89).

First, when Plaintiff filed his complaint and various amended/supplemental complaints previously and currently before the Court, he was incarcerated at KSP. He has since been transferred, first to Kentucky State Reformatory and then to GRCC, where he is currently incarcerated. A case, or portion thereof, becomes moot when events occur which resolve the controversy underlying it. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). Generally, an inmate's release from prison or transfer to another prison moots his request for injunctive relief. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (finding an inmate's RLUIPA claim for injunctive relief, which was targeted at a particular institution's policies and procedures and not those of the state's department of corrections as a whole, mooted by his transfer out of that facility); *Berryman v. Granholm*, 343 F. App'x 1, 5 (6th Cir. 2009) (holding, in regard to inmate's RLUIPA claim for injunctive relief, that "the district court correctly held that because [the inmate] had been transferred from the St. Louis facility, the claim had become moot"); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87

4

F.3d 172, 175 (6th Cir. 1996) (finding in a § 1983 case, that "to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail"). Because Plaintiff has been transferred from KSP, all claims for injunctive relief will be dismissed.

As to the § 1983 claims for damages, the Court in his prior Memoranda and Orders (DNs 48 & 97) dismissed the official-capacity claims for damages against state Defendants as barred by the Eleventh Amendment and for failure to state a claim upon which relief may be granted because they are not "persons" as defined in § 1983. The same analysis applies to the § 1983 official-capacity claims for damages against all state Defendants sued in the amended/ supplemental complaints currently under review. Accordingly, those claims will be dismissed.

Finally, as to the RLUIPA claims for damages, the Eleventh Amendment bars claims for monetary damages from the state Defendants in their official capacities, *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009), and the RLUIPA does not permit damages claims against Defendants in their individual capacities. *Haight v. Thompson*, 763 F.3d 554, 569-70 (6th Cir. 2014). Thus, the RLUIPA claims will be dismissed.[2]

The Court now will turn to the other claims asserted in the amended/supplemental complaints before the Court.

---

[2] It is unclear whether RLUIPA claims would be barred with respect to Correct Care Solutions (CCS) Defendants, but since Plaintiff does not allege such claims against them, the Court need not address this issue.

## A. Amended/Supplemental Complaint (DN 34)

As Defendants in their individual and official capacities, Plaintiff names KSP Corrections Officers Lisa Crick and Kristen N. Lee, Lt. Timothy Hawkins, and "Admin Spec. III" Jennifer Konias.

*Claim 1*

Plaintiff first claims that on April 8, 2016, when he was transferred from the Eastern Kentucky Correctional Complex to KSP, Defendant Lisa Crick inventoried and confiscated several of his items, including a pair of "Vans lace up" shoes. He alleges that this constitutes a state-law claim against Defendant Lisa Crick for knowingly and willingly depriving him of his personal property. He asserts that the Court has supplemental jurisdiction over this state-law claim.

Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that the 'relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises just one constitutional case.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Plaintiff's alleged deprivation-of-property claim against Defendant Lisa Crick does not derive from a common nucleus of operative fact of any of the continuing claims listed above in

Section I.  Accordingly, the Court declines to exercise supplemental jurisdiction over this state-law claim, and the claim will be dismissed without prejudice.

*Claim 2*

Plaintiff claims that on May 26, 2016, Defendant Hawkins moved Plaintiff to cellhouse seven, "At which time Defendant [] Lee, removed Plaintiff from his cell and deprived Plaintiff the opportunity to pack his property in his cell, stating she'd do it."  Plaintiff claims that he was deprived of his property from May 26 to June 6, 2016, on which date Defendant Von Dewingelo returned all of Plaintiff's property except some legal documents, a dictionary, a Bible, and "Self help litigation/Black law dictionary."  Plaintiff alleges that on September 16, 2016, non-Defendant Officer Brindle approached Plaintiff's cell and asked him if he had his property; Plaintiff asked, "why"; and Brindle responded that "'[Defendant] Konias called and asked me to check.'"  Plaintiff states that later that day, two officers searched his cell "and informed Konias I was in full possession of the items Plaintiff claimed he was missing."  He claims that Defendant Konias "found Plaintiff to be in possession of two (2) bibles when only one was documented on property inventory form."  He also reports that he was neither reimbursed nor compensated for his loss of property.

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  In order to assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation.  *See Parratt v. Taylor*, 451 U.S. at 543-44.  The law of this Circuit is in

accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the Sixth Circuit held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Plaintiff appears to allege only a temporary deprivation of most of his property. Nevertheless, Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff fails to state a Fourteenth Amendment due-process claim for the confiscation/loss of his personal property, and that claim will be dismissed.

*Claim 3*

Plaintiff alleges a Fourteenth Amendment equal-protection claim based on the cutting of dreadlocks. The Court, however, has already allowed that claim to proceed, and it need not be readdressed here.

**For the foregoing reasons, the amended/supplemental complaint in Docket No. 34 will be dismissed on initial review.** Defendants Lisa Crick, Lee, Timothy Hawkins, and Konias will be terminated as parties.

### B. Amended Complaint (DN 54)

Plaintiff alleges that in January 2017, he discovered that during the May 2016 incident when his dreadlocks were sheared, KSP Officer Paul Duncan possessed the hair clippers. Plaintiff seeks to add Officer Duncan as a Defendant "to all relevant claims asserting violations originating from the hair cut given to Plaintiff on May 27, 2016." In liberally construing the

amendment, as this Court must, **the Court will allow the First Amendment free-exercise claim regarding the May 2016 cutting of dreadlocks to proceed against Defendant Paul Duncan in his individual capacity for damages**.

### C. Supplemental Complaint (DN 57)

As Defendants, Plaintiff names the following officers in their individual and official capacities: KSP Warden Randy White; Correct Care Solutions (CCS) APRN Karen Ramey; CCS RNs Kelly Neely, Nancy Raines, and Bruce Bauer; KSP Deputy Warden of Programs Skyla Grief; Kentucky State Reformatory APRN Medical Director Denise Burkett; KSP Administrative Assistant Melissa Edmonds; KSP Unit Administrator Roger Mitchell; Correctional Officers James Smith, Michael Alexander, Brennan Inglish, Jonathan Ruch, J. Corley, and Lauren N. Hawkins; Sgts. Gage Rodriquez and Jesse Coombs; and Cpt. Hope. [3],[4],[5]

While Plaintiff does not list Defendants Beeler or Von Dewingelo as Defendants in either the

---

[3] Plaintiff listed KSP Unit Administrator Josh Patton as a Defendant in the parties' section of the supplemental complaint, but he marked lines through Josh Patton's name and did not list Patton in the caption of the pleading. Further, when he mentions Patton in the body of the supplemental complaint, he refers to him as "non-defendant, Josh Patton" (DN 57-1, p. 22). For these reasons, the Court does not consider Josh Patton to be a Defendant.

[4] Plaintiff references "Defendant Timothy Hawkins" in the body of the supplemental complaint (DN 57-1, p. 2, "Upon Arrival at K.S.P. Plaintiff's meal preference was also accomadated when Defendant Timothy Hawkins provided Plaintiff with [certain food]."), but not in the caption or parties' section. He was named as a Defendant in the just reviewed supplemental complaint (DN 34), but the Court dismissed/terminated him from this action. *See* § III.B., *supra*. The Court therefore does not consider Timothy Hawkins to be a Defendant here.

[5] Plaintiff also mentions "Defendant Talley Tomlin" (DN 57-1, p. 6) and "Defendant Dr. Louis Forte" (DN 57-1, pp. 10, 20-21), but he has never listed them as Defendants in the caption or parties' section of any pleading. The Court, therefore, does not consider either of them to be a Defendant here. In addition, Plaintiff mentions "non-defendant Tami Bauer" and then, within the same paragraph, states, "(For the following reason Tami Bauer is listed as defendant in this action for excessive force.)" (DN 57-1, p. 19). The Court also does not consider Tami Bauer to be a Defendant, as Plaintiff has never listed her as a Defendant in the caption or parties' section of any pleading, and within the same paragraph in the supplemental complaint, he calls her both a non-Defendant and a Defendant.

caption or parties' section of the supplemental complaint, those two Defendants already have been named as Defendants in this action, have been served, and are represented by counsel. Thus, the Court also considers them to be Defendants in this supplemental complaint.[6]

Plaintiff alleges a "campaign of harassment, denied freedom to practice, medical neglect, deliberate indifference, excessive force, due process deprivation, cruel and unusual punishment" arising from a "'Religious Fast'" he began on December 14, 2016, which turned into a hunger strike requiring multiple cell extractions for blood work and eventual forced hydration in January 2017. He also alleges problems receiving legal mail and communicating with his family.

Upon initial review of the supplemental complaint, as discussed below, the Court will dismiss some claims and allow others to continue.

Official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, the official-capacity claims against CCS employees, Defendants Ramey, Neely, Raines, and Bruce Bauer, are against CCS.

"It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). For purposes of initial review, the Court presumes that

---

[6] Plaintiff also mentions "Defendant, Steven Ford" (DN 57-1, p. 12-13), but he does not name him in the caption or parties' section of the supplemental complaint. Plaintiff did name him as a Defendant in a previously filed amended/supplemental complaint (DN 26), but the Court dismissed/terminated Defendant Ford from the action on initial review (DN 97). Therefore, the Court does not consider Defendant Ford to be a Defendant in this supplemental complaint.

CCS is a state actor. However, a private corporation, like CCS, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, like a municipality, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

In the instant case, Plaintiff has not alleged the existence of a policy or custom on the part of CCS that caused any deprivation of his constitutional rights. Thus, the official-capacity claims against CCS Defendants Ramey, Neely, Raines, and Bruce Bauer will be dismissed for failure to state a claim upon which relief will be granted.

Plaintiff also alleges that Defendants Mitchell and Edmonds violated "Due Process Under 18 U.S.C. § 1519." That is a federal criminal statute that provides for criminal penalties (fine and/or imprisonment) for destruction, alteration, or falsification of records in federal investigations and bankruptcy. Plaintiff has not alleged such actions in a federal investigation or bankruptcy by Defendants Mitchell and Edmonds, and even if he had, § 1519 is a criminal statute that does not create a private right of action. *See Doss v. Lexington Fayette Urban Cty. Gov't*, No. 5:15-12-KKC, 2015 WL 4372715, at *5 (E.D. Ky. July 14, 2015) (citing *Williams v. Finnegan*, No. 5:13-CV-2214, 2014 WL 2434590, at *3 (N.D. Ohio May 29, 2014) (no private

right of action under 18 U.S.C. § 1519). Additionally, Plaintiff as a private citizen may not enforce the federal criminal code. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Abner v. Gen. Motors*, 103 F. App'x 563, 566 (6th Cir. 2004).

**The Court will allow the remaining claims (First Amendment claims (free-exercise and interference with communication with family and mail); Eighth Amendment claims (excessive force, strip searches, deliberate indifference to serious medical needs, and conditions of confinement); Fourteenth Amendment Due Process claims; and state law medical negligence claims) to continue against Defendants White, Ramey, Neely, Raines, Bruce Bauer, Grief, Burkett, Edmonds, Mitchell, James Smith, Michael Alexander, Inglish, Ruch, J. Corley, Lauren N. Hawkins, Rodriquez, Coombs, Hope, Beeler, and Von Dewingelo in their individual capacities for damages**.

## D. Supplemental Complaint (DN 89)

As Defendants, Plaintiff names the following KSP officers in their individual and official capacities: Rodriquez, Coombs, Grief, and Correctional Officers Nathan DeBoe and Christopher Swank.

Upon review of the supplemental complaint pursuant to § 1915A, the Court will allow it to continue against Defendants in their individual capacities for damages. Specifically, **the Court will allow the following claims to proceed**: **Plaintiff's Eighth Amendment excessive-force claims to continue against Defendant Swank (regarding an October 26, 2016, incident) and Defendant DeBoe (regarding a July 2, 2017, incident); his Eighth Amendment failure-to-protect claim against Defendant Grief (regarding a February 19, 2017, incident); his First Amendment free-exercise claim against Defendants Coombs and Rodriquez (arising out of the cutting of his hair on July 2, 2017); and the retaliation claims**

**against Defendants Rodriquez, Coombs, DeBoe, Swank, and Grief (claiming all actions above were in retaliation for filing the original complaint in this action).**

## IV. ORDER

**The Clerk of Court is DIRECTED to add** the following persons as Defendants in the docket sheet: Paul Duncan, Karen Ramey, Nancy Raines, Bruce Bauer, Denise Burkett, Melissa Edmonds, Michael Alexander, Brennan Inglish, J. Corley, Lauren N. Hawkins, Gage Rodriquez, Jesse Coombs, Cpt. Hope, Nathan DeBoe, and Christopher Swank.

**IT IS ORDERED that the following claims shall proceed** on initial review of the amended/supplemental complaints in DNs 54, 57 & 89: (1) the First Amendment free-exercise claim regarding the May 2016 cutting of dreadlocks against Defendant Duncan; (2) the various First, Eighth, and Fourteenth Amendment claims and state-law medical negligence claims arising from a "'Religious Fast'" Plaintiff began on December 14, 2016, which turned into a hunger strike requiring multiple cell extractions for blood work and eventual forced hydration in January 2017 against Defendants White, Ramey, Neely, Raines, Bruce Bauer, Grief, Burkett, Edmonds, Mitchell, James Smith, Michael Alexander, Inglish, Ruch, J. Corley, Lauren N. Hawkins, Rodriquez, Coombs, Hope, Beeler, and Von Dewingelo; and (3) the Eighth Amendment excessive-force claims against Defendants Swank and DeBoe, the Eighth Amendment failure-to-protect claim against Defendant Grief, the First Amendment free-exercise claim against Defendants Coombs and Rodriquez, and the retaliation claims against Defendants Rodriquez, Coombs, DeBoe, Swank, and Grief. All claims shall proceed against these Defendants in their individual capacities for damages.

In permitting these claims to proceed, the Court passes no judgment on the merits and ultimate outcome of the action. The Court will enter a separate Service and Scheduling Order to govern the development of all continuing claims.

**IT IS FURTHER ORDERED** that the amended/supplemental complaint in Docket No. 34 and all other claims (including the claims for injunctive relief and under RLUIPA) are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or pursuant to § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

As all claims against the following Defendants are dismissed, the **Clerk of Court is DIRECTED to terminate** them from this action: Lisa Crick, Kristen N. Lee, Lt. Timothy Hawkins, and Jennifer Konias.

Date: February 13, 2019

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4413.005