UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-P105-TBR

BRANDON R. BRUIN　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

V.

WARDEN RANDY WHITE *et al.*　　　　　　　　　　　　　　　　　　　DEFENDANTS

### Memorandum Opinion & Order

This matter is before the Court upon a motion by Defendant, Melissa Edmonds, to dismiss Plaintiff's claims against her. (DN 122). Plaintiff, Brandon R. Bruin, has not responded and the time to do so has passed. Fully briefed, this motion is ripe for review and for the following reasons, it is **GRANTED.**

### Background

Plaintiff is a convicted prisoner currently incarcerated at the Lee Adjustment Center. His claims in this action, however, concern his incarceration at the Kentucky State Penitentiary ("KSP"). Plaintiff filed a series of complaints, supplemental complaints, and amendments to complaints whereby he raises numerous claims against more than forty defendants. Several of these defendants have been terminated from the action. Plaintiff's claims generally arise from seven separate events: (1) the cutting of his dreadlocks; (2) being assaulted by another inmate; (3) the denial of a "Vegan/Ital" diet; (4) excessive force during a cell extraction; (5) allegedly deficient medical care regarding high blood pressure, headaches, and numbness; (6) claims arising from Plaintiff's fasting and hunger strike; and (7) alleged interference with Plaintiff's access to the courts and medical records.

1

On initial review (DN 48) of the complaint (DN 1) pursuant to § 1915A, the Court allowed the following claims to continue: (1) Plaintiff's First Amendment free-exercise and Fourteenth Amendment due-process and equal-protection claims arising out of the May 2016 cutting of his dreadlocks and refusal to allow Plaintiff to send the cut dreadlocks home against Defendants Charles Crick, Roger Mitchell, James Smith, James R. Beeler, and Randy White in their official capacities for injunctive relief and in their individual capacities for damages and injunctive relief; and (2) Plaintiff's Eighth Amendment failure-to-protect claim arising out of an assault by another inmate in June 2016 against Defendants Bruce Von Dewingelo, Jill Roberts, and Micah Melton in their individual capacities for damages.

On initial review (DN 97) of Plaintiff's first wave of amended and supplemental complaints (DNs 20, 23, & 26), the Court allowed the following claims to continue: (1) the First Amendment free-exercise and the Religious Land Use and Institutionalized Persons Act claims regarding denial of a "Vegan/Ital Diet" against Defendants Melton, White, Terry Griffith, and Charles "Aaron" Davis in their official capacities for injunctive relief and in their individual capacities for damages and injunctive relief; (2) the First Amendment free-exercise claim regarding the cutting of dreadlocks against Defendant John Gibbs in his official capacity for injunctive relief and in his individual capacity for damages and injunctive relief and the RLUIPA claim regarding the cutting of dreadlocks against Defendants Charles Crick, Mitchell, James Smith, Beeler, White, Belt, Skyla Grief, Melton, Griffith, and Gibbs in their official capacities for injunctive relief and in their individual capacities for damages and injunctive relief; (3) the Eighth Amendment excessive-force claims regarding the July 30/August 1, 2016 cell extraction against Defendants Jonathan Ruch and Griffith in their individual capacities for damages; and (4) the Eighth Amendment claim of deliberate indifference to a serious medical need regarding Plaintiff's claims of untreated high

blood pressure, migraine headaches, loss of vision, tingling in limbs/fingers/toes, and episodes of loss of consciousness against Defendants Davis, Karen Vickery, and Shastine Tangilag in their individual capacities for damages and injunctive relief.

On initial review (DN 112) of Plaintiff's second wave of amended and supplemental complaints (DNs 34, 54, 57, & 89) this Court allowed the following claims to continue: (1) the First Amendment free-exercise claim regarding the May 2016 cutting of dreadlocks against Defendant Duncan; (2) the various First, Eighth, and Fourteenth Amendment claims and state-law medical negligence claims arising from a "Religious Fast" Plaintiff began on December 14, 2016, which turned into a hunger strike requiring multiple cell extractions for blood work and eventual forced hydration in January 2017 against Defendants White, Ramey, Neely, Raines, Bruce Bauer, Grief, Burkett, Edmonds, Mitchell, James Smith, Michael Alexander, Inglish, Ruch, Corley, Lauren N. Hawkins, Rodriquez, Coombs, Hope, Beeler, and Von Dewingelo; and (3) the Eighth Amendment excessive-force claims against Defendants Swank and DeBoe, the Eighth Amendment failure-to-protect claim against Defendant Grief, the First Amendment free-exercise claim against Defendants Coombs and Rodriquez, and the retaliation claims against Defendants Rodriquez, Coombs, DeBoe, Swank, and Grief.

Defendant Edmonds now moves the Court to dismiss all claims against her and terminate her from this action. For the following reasons, her motion is **GRANTED**.

**Legal Standard**

In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). A

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Civil Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

**Discussion**

In this action, Plaintiff has filed a complaint and numerous amended and supplemental complaints. *See, e.g.*, (DN 1); (DN 20); (DN 23); (DN 26); (DN 34); (DN 54); (DN 57); (DN 89). The only pleading concerning Defendant Edmonds, however, is (DN 57). Plaintiff's allegations against Defendant Edmonds are contained in the following passage:

> Furthermore, Plaintiff's cell is directly across from the Medical Personnel dining area, were all C.C.S Defendants were dining prior to attempting to allegedly draw blood from Plaintiff. After Plaintiff was secured in cell C.C.C. (All) Defendants congregated in the dining room and Defendant, Nancy Neely abrutly spoke out, "I should have tried his jugular." And all laughed in unison, ie., Neely, Bauer, Raines, Ramey and Edmonds.
>
> On January 27, 2017 at appr'x 2:45 pm non-defendant officer Matthew Dinovo contacted Defendant, Roger Mitchell via telephone in records to an envelope found

4

in the officers work desk in Medical addressed to Plaintiff, addressee "K.S.P Medical Records" Defendant Roger Mitchell informed Officer, M. Dinovo Plaintiff needed it for Court reasons and to give it to Plaintiff.

Upon Plaintiff coming in receipt of such envelope the contents of the envelope were 1-page open records Medical Consent form, 1-page Open Records Request Form; and a Memorandum From Defendant, Melissa Edmonds (Medical Records Custodian) *See, Exhibit # 12, Open Records Request; Consent Form; Memorandum*, informing Plaintiff he never sent a properly signed "cash pay out" with His Open Records request, Therefore such request is denied.

As previously stated Plaintiff is housed in the Medical Housing Unit and the date Defendant, Melissa Edmonds Stamped "RECEIVED" on Plaintiffs request, Plaintiff and Defendant, Melissa Edmonds conversated about Plaintiff preference to fast and Plaintiff is always at Plaintiff desk writing, and when Plaintiff received (DN 49) on January 18, 2017 from the Court, Defendant Edmonds Stated "The courts can't fix everything." Defendant, Edmonds being Oblivious to the Power and Authority of the courts and her initiative to deny Plaintiff records while acting alone or in cahoots with Defendant Roger Mitchell to conceal, cover-up, falsify and make a false entry into a record all to deny Plaintiff access to records needed to litigate against fellow c.c.s. Employees; Bothe Defendant(s) Mitchell and Edmonds are listed Defendants in independent violations of Due Process Under 18 U.S.C. § 1519, U.S. v. Schemeltz, 667 F.3d 685.

(DN 57-1 at 19-20, Page ID # 496-497). On February 15, 2015, this Court conducted a screening of Plaintiff's amended and supplemental complaints pursuant to 28 U.S.C. § 1915A. (DN 112). The Court ordered that the following claims shall be allowed to proceed:

(1) The First Amendment Free-Exercise claim regarding the May2016 cutting of dreadlocks against Defendant Duncan;
(2) The various First, Eighth, and Fourteenth Amendment claims and state-law medical negligence claims arising from a "Religious Fast" Plaintiff began on December 14, 2016, which turned into a hunger strike requiring multiple cell extractions for blood work and eventual forced hydration in January 2017 against Defendants White, Ramey, Neely, Raines, Bruce Bauer, Grief, Burkett, Edmonds, Mitchell, James Smith, Michael Alexander, Inglish, Ruch, J. Corley, Lauren N. Hawkins, Rodriquez, Coombs, Hope, Beeler, and Von Dewingelo; and
(3) The Eighth Amendment excessive-force claims against Defendants Swank and DeBoe, the Eighth Amendment Failure-to-protect claim against Defendant Grief, the First Amendment free-exercise claim against Defendant Coombs and Rodriquez, and the retaliation against Defendants Rodriquez, Coombs, Deboe, Swank, and Grief.

(DN 112 at 13). Plaintiff brings these claims against Defendants in their individual capacities for damages. *Id.*

Plaintiff has not responded to Defendant's motion to dismiss and the time to do so has passed. Pursuant to Joint Local Rule of Civil Practice 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion." *See also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Paulmann v. Hodgdon Powder Co., Inc.*, No. 3:13-CV-0021-CRS-DW, 2014 WL 4102354, *1-2 (W.D. Ky. Aug. 18, 2014) (holding that plaintiff's failure to respond or otherwise oppose defendant's motion to dismiss established that the plaintiff had waived opposition to the motion). Because Plaintiff has failed to oppose Defendant's motion to dismiss, he has waived opposition to the motion.

Nevertheless, the Court will consider whether Plaintiff has satisfied the federal pleading standard. The only claims against Defendant Edmonds are Plaintiff's constitutional claims arising from the religious fast, hunger strike, and eventual forced hydration. Plaintiff alleges that Defendant laughed at a joke made by someone else, denied his request for medical records because he had not sent a properly signed "cash pay out," and that Defendant said "[t]he courts can't fix everything" to Plaintiff after he received the court's order granting Plaintiff additional time to file a reply.

Plaintiff's claim that Defendant laughed at a joke made by Nancy Neely fails to state a colorable claim for relief. Plaintiff alleges that Neely said, "I should have tried his jugular." And Plaintiff claims Defendant laughed at Neely's comment. The comment appears to be made in reference to Neely's attempt to draw blood from Defendant while

monitoring his health. It is unclear what Constitutional Amendment Plaintiff alleges this behavior violated. Defendant argues that "such a claim must be dismissed because an isolated incident of Ms. Edmond's alleged non-communicative laughter did not inflict a cognizable injury upon Plaintiff, and thus does not rise to the level of a constitutional violation of any sort." (DN 122 at 5). The Court agrees. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eight Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Sixth Circuit Court of Appeals has held that "harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (citation omitted). In *Johnson*, the Sixth Circuit held that there was no Constitutional violation where a correctional officer "continuously bangs and kicks [the inmate's] cell door, throws his food trays through the bottom slot of his cell door so hard that the top flies off, makes aggravating remarks to him, makes insulting remarks about his hair being too long, growls and snarls through his window, smears his window to prevent him from seeing out of it, behaves in a racially prejudicial manner toward him and jerks and pulls him unnecessarily hard when escorting him from his cell." *Id.* at 545. Because Plaintiff's claim that Defendant laughed at a joke does not rise to the level of a Constitutional violation, that claim must be dismissed.

Plaintiff's claim that Defendant denied his request for medical records because he had not sent a properly signed "cash pay out," and that Defendant said "[t]he courts can't fix everything" to Plaintiff after he received the court's order granting Plaintiff additional time to file a reply also fail to state a colorable claim for relief. As an initial matter this Court has already dismissed Plaintiff's claim that Edmond's action regarding his medical

records violated "Due Process Under 18 U.S.C. § 1519." (DN 112 at 11). As this Court explained, § 1519 is a federal criminal statute that provides criminal penalties for destruction, alteration, or falsification of records in federal investigations and bankruptcy. The Court dismissed this claim because Plaintiff has not alleged such actions in a federal investigation or bankruptcy and even if he had, § 1519 is a criminal statute that does not create a private cause of action.

Second, Plaintiff's general allegation that "Defendant Edmonds being oblivious to the power and authority of the courts and her initiative to deny Plaintiff records while acting alone or in cahoots with Defendant, Roger Mitchell to conceal, cover-up, falsify and make a false entry into a record all to deny Plaintiff access to records needed to litigate against fellow C.C.S. Employees" are not specific enough to satisfy the federal pleading standard. (DN 57-1 at Page ID # 496-97). In *Iqbal*, the Supreme Court explained that, although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. And "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Plaintiff's general claim that Defendant concealed or falsified records are not supported by facts capable of satisfying the standard set forth in *Twombly* and *Iqbal* and therefore must be dismissed.

Third, Plaintiff's claim that Defendant denied his request for medical records because he had not sent a properly signed "cash pay out" fails because Plaintiff does not allege that his request was wrongfully denied or that the policy was not reasonably related

8

to a legitimate penological interest. Defendant argues that Plaintiff has failed to offer factual allegations regarding "the absence of a legitimate penological reason for the alleged interference." The Court agrees. "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Sfley*, 482 U.S. 78, 88 (1987). Plaintiff has not alleged that Defendant lacked a reasonable basis for denying his request. And because Plaintiff has chosen not to respond to Defendant's motion, he has waived opposition to Defendant's arguments on this issue. Furthermore, the Court has been accommodating to Plaintiff's status as a *pro se* plaintiff by granting extensions and numerous amended and supplemental complaints. Plaintiff has successfully filed exhibits, correspondence, motions, and other pleadings. Plaintiff's pattern of successful communication with the Court belies his claim that Defendant is interfering with his prosecution of this action. Without any facts to support his claim that Defendant wrongfully denied his request for records, this claim must be dismissed.

Finally, Plaintiff's claim that Defendant said "[t]he courts can't fix everything" to him after he received the court's order granting Plaintiff additional time to file a reply fails because it does not state a colorable claim for relief. It is unclear what constitutional right this statement is alleged to violate. Assuming that Plaintiff's allegations are true, this conduct does not rise to the level of a Constitutional violation.

**Order**

For the foregoing reasons, **IT IS HEREBY ORDERED**, that Defendant Melissa Edmonds's motion to dismiss (DN 122) is **GRANTED.** The claims asserted against Melissa Edmond's in the

9

above styled action are hereby **DISMISSED** without prejudice and she is terminated as a party.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 2, 2019

CC: Brandon R. Bruin, *Pro Se*, 240651
 Lee Adjustment Center
 Inmate Mail
 168 Lee Adjustment Center Drive
 Beattyville, KY 41311
CC: Counsel of Record