UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-cv-00105-TBR

Electronically Filed

BRANDON R. BRUIN                                              PLAINTIFF

v.      **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

WARDEN WHITE, *et al*.                                   DEFENDANTS

……………………………………………………………………………………………

Come the Defendants, Michael Alexander, James Beeler, Denise Burkett, Jesse Coombs, James Corley, Charles Crick, Paul Duncan, John Gibbs, Skyla Grief, Lauren Hawkins, Jeffery Hope, Brendan Inglish, Micah Melton, Roger Mitchell, Jill Robertson, Gage Rodriquez, James Smith, Christopher Swank, Bruce Von Dwingelo and Randy White (collectively the "KDOC Defendants"), by counsel, and in further support of their motion for summary judgment, state as follows:

    **I.**     **BRUIN HAS IMPLICITLY CONCEDED AND ABANDONED ALL OF HIS CLAIMS EXCEPT TWO**

Bruin has implicitly conceded the overwhelming bulk of his claims. Bruin filed a complaint and seven supplemental complaints in this action. [*See* DNs 1, 20, 23, 26, 34, 54, 57, and 89] He named twenty current and former KDOC employees as defendants. The KDOC Defendants had to file a 70-page memorandum with 28 exhibits to address, and refute, all of Bruin's claims against them. [*See* Motion for Summary Judgment (DN 163 *et seq.*)] Indeed, the KDOC Defendants painstakingly set forth their arguments for why each of them was entitled to judgment as a matter of law on each claim Bruin made against them. [*See* Memorandum in Support (DN 163-1)] All of which is too much to even recap here. But in his Response, Bruin offers arguments in support of only two of his claims. [*See* Response (DN 164)]

In his Response, Bruin offers only perfunctory arguments pertaining to the cutting of his dreadlocks on May 27, 2016, and his due process claim against Deputy Warden Grief, that on January 4, 2017, she forced him to live without the "bare necessities of life" because she placed him on property restriction "without just cause or due process." [Response (DN 164) at PAGE ID# 2070 (referring to Memorandum in Support of Motion for Summary Judgment (DN 163-1) at PAGE ID# 1691)] He wrote not a word about the plethora of other claims that he made throughout his complaint and seven supplemental complaints. [*See* Response (DN 164)]

Bruin has, therefore, abandoned all of his other claims and conceded the KDOC Defendants are entitled to judgment as a matter of law. [*See Brown v. VHS of Michigan, Inc*., 545 F. Appx. 368, 371-72 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." (*citing Hicks v. Concorde Career Coll*., 449 F. Appx. 484, 487 (6th Cir. 2011); *Clark v. City of Dublin*, 178 F. Appx. 522, 524-25 (6th Cir. 2006); *Conner v. Hardee's Food Sys.*, 65 F. Appx. 19, 24-25 (6th Cir. 2003); and *Colston v. Cleveland Pub. Library*, No. 1:12-cv-204, 2012 WL 3309663, at n. 2 (deeming a claim abandoned and granting summary judgment when a plaintiff "did not respond or even mention [the] claim in her opposition to Defendants' motions for summary judgment")]

Thus, with the exception of the two claims set out herein above (and addressed herein below in Arguments II, and III), Bruin has abandoned all of his other claims. Therefore summary judgment is appropriate on those claims. And this, in turn, leaves no remaining claims against KDOC Defendants, Michael Alexander, Denise Burkett, Jesse Coombs, James Corley, Lauren Hawkins, Jeffery Hope, Brendan Inglish, Micah Melton, Jill Robertson, Gage Rodriquez, Christopher Swank, and Bruce Von Dwingelo.

**II.** **CHARLES CRICK, ROGER MITCHELL, JAMES SMITH, JAMES BEELER, RANDY WHITE, JOHN GIBBS, AND PAUL DUNCAN ARE ENTITLED TO SUMMARY JUDGMENT ON BRUIN'S CLAIMS PERTAINING TO THE CUTTING OF HIS DREADLOCKS ON MAY 27, 2016**

**The cutting of Bruin's Dreadlocks on May 27, 2016**

The only argument raised by Bruin in his Response in connection with this claim pertain to the issue of whether or not he exhausted his administrative remedies as required by the PLRA. [Response (DN 164) at PAGE ID# 2067 – 2070] But Bruin concedes that he filed Grievance 16-05-058-G on May 9, 2016, nearly 20 days before his dreadlocks were cut. [Response (DN 164) at PAGE ID# 2068] As argued by the KDOC Defendants, that grievance failed to satisfy the PLRA's exhaustion requirement against the KDOC Defendants Bruin names in his complaint—Charles Crick, Roger Mitchell, James Smith, James Beeler, Randy White, John Gibbs, and Paul Duncan. [*See* Memorandum (DN 163-1) at PAGE ID# 1638] Because Bruin's hair had not yet been cut. CPP 14.6 requires that, "The grievant shall include all aspects of the issue and identify all individuals in the 'Brief Statement of the Problem' section of the written grievance so that all problems concerning the issue or individuals may be dealt with during step 1." [Exhibit 6 attached to Memorandum in Support (DN 163-7) at (II)(J)(1)(a)(5) at PAGE ID# 1865] As argued by the KDOC Defendants, it is beyond argument that Bruin could not have properly set out "all aspects of the issue and identify all individuals" about an event that did not occur until nearly 20 days later. Bruin's grievance pertained to an event that might occur in the future, the details of which were unknown at the time he filed it. Furthermore, neither Charles Crick, Roger Mitchell, James Smith, James Beeler, Randy White, John Gibbs, nor Paul Duncan are named in Grievance# 16-05-058-G. [*See* Exhibit 5 attached to Memorandum in Support (DN 163-6) at PAGE ID# 1790 – 1795] Bruin fails to refute these argument in his Response. [*See* Response (DN 164)]

Bruin filed three more grievances all of which were properly rejected. [*See* Memorandum in Support (DN 163-1) at PAGE ID# 1639] Thus, this is not a situation where there were no "available" administrative remedies to pursue as Bruin argues. [*See* Response (DN 164) at PAGE ID# 2069] Bruin simply failed to properly utilize the grievance process.

**Bruin failed to address all of the other arguments raised by the KDOC Defendants**

1. **John Gibbs**

The KDOC Defendants argued that John Gibbs had no personal involvement in the cutting of Bruin's dreadlocks on May 27, 2016. [*See* Memorandum (DN 163-1) at PAGE ID# 1639 – 1640] Bruin did not address this argument at all in his Response. [*See* Response (DN 164)] Thus, Bruin has conceded this point, and John Gibbs is entitled to summary judgment on this claim.

2. **Qualified Immunity**

In his Response, Bruin raises only the nonsensical argument that the KDOC Defendants are not entitled to qualified immunity because, "At the time and the filing of the grievances pretaining (sic) to the cutting of Dreadlocks on May 27, 2016 Plaintiff knew not the names of the individuals who participated in such activity, therefore in no way shall qualified immunity be granted on those grounds alone." [Response (DN 164)] The KDOC Defendants did not argue they were entitled to qualified immunity because Bruin did not name them in his grievances. [*See* Memorandum (DN 163-1) at PAGE ID# 1641 – 1643]

Instead, the KDOC Defendants argued they were entitled to qualified immunity because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. [*See* Memorandum (DN 163-1) at PAGE ID # 1641 – 642 (citing *Feathers v. Aey*, 319 F.3d 843, 847-48 (6th Cir. 2003) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982))] The KDOC Defendants also drew the

4

Court's attention to the fact that Bruin's allegation pertaining to the cutting of his dreadlocks was "strikingly similar" to *Luther v. White*, No. 5:17-cv-138-TBR currently before the Court. And in that case, the Court had already noted that, "There is no clearly established right to be exempt from prison grooming standards under the First Amendment's Free Exercise Clause. Indeed, this Court, and other courts in this circuit, have upheld prison grooming standards concerning hairstyle in the face of Free Exercise challenges." [*See Luther*, 2019 WL 511795 at *13 (citing *Price v. White*, No. 5:13-CV-00076-TBR, 2014 WL 2154892, 2014 U.S. Dist. LEXIS 70133 (W.D. Ky. May 21, 2014); *Oakes v. Green*, 2008 WL 559683, at *4, 2008 U.S. Dist. LEXIS 15106 (E.D. Ky. Feb. 27, 2008); *Flagner v. Wilkinson*, 241 F.3d 475 (6th Cir. 2001); *Williams v. Wilkinson*, 96-3715, 1997 WL 809971, 1997 U.S. App. LEXIS 36760 (6th Cir. Dec. 18, 1997); *Phipps v. Parker*, 879 F.Supp. 734 (W.D. Ky. 1995); *Pollock v. Marshall*, 845 F.2d 656 (6th Cir. 1988)]

Furthermore, the KDOC Defendants argued that Bruin has the burden of showing that the right is clearly established. [*See* Memorandum (DN 163-1) at PAGE ID# 1643 (*citing Silberstein v. City of Daytona*, 440 F.3d 306, 311 (6th Cir. 1988)] In his Response, Bruin makes no effort to demonstrate that he has a clearly established right to wear his hair in dreadlocks in violation of the RHU grooming standards. [*See* Response (DN 164)] Thus, Bruin has implicitly conceded this point as well.

Charles Crick, Roger Mitchell, James Smith, James Beeler, Randy White, Paul Duncan, and John Gibbs are all entitled to summary judgment on Bruin's claims pertaining to the cutting of his dreadlocks on May 27, 2016. Bruin failed to exhaust his administrative remedies on this claim. And even if he had, these Defendants would be entitled to qualified immunity. Bruin has failed to meet his burden of demonstrating that he had a clearly established right to be exempt from

grooming standards that were applicable to everyone else. Indeed, Bruin wrote not a word in his Response to establish such a right. Thus, Bruin has implicitly conceded this point as well.

Finally, John Gibbs is entitled to summary judgment for the additional reason that he had no personal involvement in those events. Again, Bruin wrote not a word in his Response in an effort to refute this argument. Thus, Bruin has implicitly conceded this point as well.

### III. DEPUTY WARDEN GRIEF IS ENTITLED TO SUMMARY JUDGMENT ON BRUIN'S CLAIM THAT SHE VIOLATED HIS RIGHT OF DUE PROCESS BY CONFISCATING HIS PROPERTY

Bruin claims that Deputy Warden Grief violated his rights under the Fourteenth Amendment on January 4, 2017, when she forced him to live without the "bare necessities of life" by placing him on property restriction "without just cause or due process." [Amended/Supplemental Complaint (DN 57-1) at PAGE ID# 486]

"Prisoners claiming a due process violation under the Fourteenth Amendment must demonstrate that they have been deprived of a protected liberty or property interest by arbitrary governmental action." [*Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995)] On January 4, 2017, Bruin was already on personal property restriction. [*See* Memorandum (DN 163-1) at PAGE ID# 1691; *see also* Grief Affidavit attached to Memorandum in Support as Exhibit 22 (DN 163-23) at ¶ 15]

On January 4, 2017, medical personnel wanted to get a blood sample from Bruin because of his continued hunger strike. [*See* Memorandum in Support (DN 163-1) at PAGE ID# 1663 – 1664; *see also* Exhibit 3 (Pertinent Extraordinary Occurrence Reports (EORs)) attached to Memorandum in Support, EOR#: 010-17, at PAGE ID# 1721 – 1723] Bruin refused to allow medical personnel to obtain a blood sample. [*See* Exhibit 3 at PAGE ID# 1722] This, in turn, required the use of a cell entry team to remove Bruin from his cell so that medical personnel could

6

assess Bruin. [*See id.*] Because of his behavior, Bruin was removed from the 15 minute watch he had been on and placed onto constant watch. [*See id.* at PAGE ID# 1723 ("At approximately 10:26 a.m., Inmate Bruin was moved from a fifteen minute watch to a constant watch with fiver minute written documentation. Inmate Bruin's state property was removed from the observation cell."); *see also* Corley Affidavit attached to Memorandum in Support as Exhibit 24 (DN 163-25) at ¶ 10 ("Because of Bruin's behavior, his state property was to be removed.")]

The removal of Bruin's personal and state issued property was precipitated by his behavior. Because of his self-harming behavior, i.e., his hunger strike, his personal property was removed. Then, on January 4, 2017, because of his continued self-harming behavior, Bruin was placed on constant watch. Constant watch status includes removal of state issued property. But the temporary loss of his property did not affect the duration of Bruin's sentence. And Bruin fails to show how the temporary loss of his property imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.

Deputy Warden Grief is entitled to summary judgment on Bruin's due process claim.

## CONCLUSION

Bruin filed a complaint and then supplemented it seven times. He named 20 current or former employees of the Kentucky Department of Corrections as Defendants. His claim were so numerous the KDOC Defendants had to attach a 70-page memorandum in support of their motion for summary judgment to address them all. Those claims ran the gamut from excessive force to being taunted with Little Caesars bread sticks. Then, after forcing the KDOC Defendants to expend the time and effort to respond to all of those allegations, Bruin, unceremoniously abandoned all but two of his claims by failing to make any effort to support all of his allegations in his Response.

Because Bruin abandoned all but two of his claims, there are no claims remaining against KDOC Defendants Michael Alexander, Denise Burkett, Jesse Coombs, James Corley, Lauren Hawkins, Jeffery Hope, Brendan Inglish, Micah Melton, Jill Robertson, Gage Rodriquez, Christopher Swank, and Bruce Von Dwingelo.

As set out herein, and in their Memorandum in Support of Motion for Summary Judgment, Charles Crick, Roger Mitchell, James Smith, James Beeler, Randy White, Paul Duncan, and John Gibbs are all entitled to summary judgment on Bruin's claims pertaining to his dreadlocks being cut on May 27, 2016.

And, finally, as set out herein, and in their Memorandum in Support of Motion for Summary Judgment, Deputy Warden Grief is entitled to summary judgment on Bruin's due process claim.

**WHEREFORE**, Michael Alexander, James Beeler, Denise Burkett, Jesse Coombs, James Corley, Charles Crick, Paul Duncan, John Gibbs, Skyla Grief, Lauren Hawkins, Jeffery Hope, Brendan Inglish, Micah Melton, Roger Mitchell, Jill Robertson, Gage Rodriquez, James Smith, Christopher Swank, Bruce Von Dwingelo and Randy White remain entitled to summary judgment with regard to all of Bruin's claims against them.

        Respectfully submitted,

        /s/ *Richard D. Lilly*
        Richard D. Lilly
        Staff Attorney
        Department of Corrections
        Office of Legal Services
        P.O. Box 2400
        Frankfort, Kentucky 40602-2400
        Phone: (502) 782-2299
        Fax:  (502) 564-5037
        E-Mail:  richard.lilly@ky.gov

        *Michael Alexander, James Beeler, Denise Burkett, Jesse Coombs, James Corley, Charles Crick, Paul Duncan, John Gibbs, Skyla Grief, Lauren Hawkins, Jeffery Hope, Brendan Inglish, Micah Melton, Roger Mitchell, Jill Robertson, Gage Rodriquez, James Smith, Christopher Swank, Bruce Von Dwingelo and Randy White*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 26, 2020, I electronically filed this document with the Court by using the CM/ECF system, which will send notice to all counsel of record, and mailed a copy of the foregoing document via first class mail, postage prepaid, to the following:

Brandon Bruin (# 240651)
Eastern Kentucky Correctional Complex
200 Road to Justice
West Liberty, KY 414472

        */s/ Richard D. Lilly*
        Richard D. Lilly