UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-cv-00105-TBR

**BRANDON R. BRUIN**                                                                                                            **PLAINTIFF**

**V.**

**RANDY WHITE** *et al.*                                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Christopher Swank's Motion to Reconsider. [DN 171]. Plaintiff responded. [DN 176]. Defendant replied. [DN 177]. The motion is ripe for adjudication. For reasons stated below, the motion to reconsider is **denied**.

**I. Background**

This is a prisoner civil rights case brought by *pro se* Plaintiff Brandon R. Bruin. His claims concern his incarceration at the Kentucky State Penitentiary ("KSP"). On March 12, 2021, the Court entered an opinion and order granting summary judgment on numerous claims in this action. [DN 169]. In the same opinion and order, the Court denied summary judgment on Plaintiff Brandon Bruin's Eighth Amendment Claim against Defendant Christopher Swank. [DN 169]. Swank now asks the Court, pursuant to Federal Rule of Civil Procedure 54(b), to reconsider its denial of summary judgment on Bruin's Eighth Amendment claim, arguing that Bruin abandoned that claim, among others, when he failed to address it in his response to the defendants' motion for summary judgment. [DN 171].

**II. Standards**

"The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but district courts have authority to reconsider interlocutory orders under federal common law and Rule 54(b)." *McCormack v. City of Westland*, No. 18-2135, 2019 WL

4757905, at *2 (6th Cir. 2019) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); Fed. R. Civ. P. 54(b)). "Reconsideration is usually justified when there is an intervening change in controlling law, newly available evidence, or a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Rodriguez*, 89 F. App'x at 959). Swank claims that there is a need to correct error because the Court was wrong to deny summary judgment on Bruin's Eighth Amendment claim against Swank.

### III.    Discussion

Twenty (20) of the defendants in this action moved for summary judgment on numerous claims. [DN 163]. As Swank correctly argues, Bruin responded, but he did not address each claim on which the defendants moved for summary judgment, including the claim now at issue. [DN 164]. In the defendants' reply, they argued that Bruin abandoned all claims that he had not addressed in his response, entitling the defendants to summary judgment on each unaddressed claim. [DN 166 at 1-2]. However, the Court implicitly rejected this argument and proceeded to address each claim on the merits. [DN 169]. Swank now reasserts the abandonment argument, claiming that the merits of Bruin's Eighth Amendment claim against him are irrelevant, and summary judgment on the claim should be granted due to Bruin's failure to offer an argument in response. [DN 171].

Swank cites *Brown v. VHS of Michigan, Inc.*, where the Sixth Circuit stated: "This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." 545 F. App'x 368, 372 (6th Cir. 2013) (citing *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011); *Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006); *Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 24–25 (6th Cir. 2003); *Colston v. Cleveland Pub.*

*Library*, No. 1:12–CV–204, 2012 WL 3309663, at *2 n. 2 (N.D. Ohio Aug. 13, 2012)). However, neither *Brown* nor any of the cases it cites involved a *pro se* plaintiff, as is true of the case at bar. Importantly, Sixth Circuit courts, including this one, have recognized that some leniency should be afforded to *pro se* plaintiffs. *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Newton v. Boyd*, No. 5:21-CV-P30, 2021 WL 886232 (W.D. Ky. Mar. 9, 2021). Further, and more importantly, the Sixth Circuit stated in a case more recent than *Brown* that summary judgment should not be granted on a claim merely because the adverse party did not respond to the movant's argument for summary judgment on that claim:

> Feehan first argues that Evans abandoned the taser-pointing claim by failing to respond adequately to Defendants' summary judgment motion on this point. We disagree. "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Rather, the moving party "always bears the burden of demonstrating the absence of a genuine issue as to a material fact," and the district court is required "to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Id.* (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)); *see* Fed. R. Civ. P. 56(a). In this case, the district court considered the evidence cited by Defendants in their motion—primarily the videos—and decided that Feehan had not met his burden. "No defense to an insufficient showing is required," so Evans did not abandon her claim against Feehan by not addressing the taser-pointing claim in her response to Defendants' summary judgment motion. *Adickes*, 398 U.S. at 161, 90 S.Ct. 1598; *Carver*, 946 F.2d at 454–55.

*Evans v. Plummer*, 687 F. App'x 434, 446 (6th Cir. 2017). The United States District Court for the Middle District of Tennessee recently described the burdens at play when a party has moved for summary judgment:

> "Rule 56 first imposes a burden of production on the moving party to make a prima facie showing that it is entitled to summary judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727.1 (4th ed. updated Apr. 2020). "In this context, a 'prima facie' showing means that, in the absence of evidence to the contrary, the movant's evidence is sufficient to entitle the movant to summary judgment." 11 James Wm. Moore et al., Moore's Federal

3

> Practice § 56.40 (3d ed. 2020). Courts must view the movant's evidence in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) ("[T]he moving party ... ha[s] the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party."); see also *Evans v. Plummer*, 687 F. App'x 434, 446 (6th Cir. 2017) (viewing defendant's summary judgment evidence in light most favorable to plaintiff, finding it insufficient, and affirming, in part, district court's denial of summary judgment). If the moving party's evidence is insufficient, " '[n]o defense ... is required' " and summary judgment must be denied. *Adickes*, 398 U.S. at 161 (quoting 6 James Wm. Moore et al., *Moore's Federal Practice* § 56.22(2) (2d ed. 1966)); see also *Evans*, 687 F. App'x at 446 (affirming, in part, denial of summary judgment where cited video evidence was insufficient to satisfy defendant's initial burden and plaintiff's opposition did not address that evidence); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727.1 (4th ed. updated Apr. 2020) ("If the movant fails to make that initial showing, the court must deny the motion, even if the opposing party has not introduced contradictory evidence in response.").

*Bunch v. Sargent*, No. 3:18-cv-00760, 2020 WL 4333541, at *7 (M.D. Tenn. June 29, 2020), *report and recommendation adopted*, 2020 WL 4287161 (M.D. Tenn. July 27, 2020). As *Evans* and *Bunch* make clear, the party moving for summary judgment must meet his burden of production to prevail, regardless of whether the adverse party responds. These holdings align with the "general goal of the federal rules that cases be decided on their merits rather than by catching an unaware party in a procedural trap." 10B Fed. Prac. & Proc. Civ. § 2739 (4th ed.).

Here, the Court found that Swank had not met his burden of establishing an absence of evidence to support Bruin's claim. [DN 169 at 43–44]. Though Swank provided arguments in favor of summary judgment, they did not eliminate the material factual dispute as to whether Swank punched Bruin. [DN 169 at 43–44]. Thus, it does not matter that Bruin did not respond. Swank first had to carry his burden of production to prevail on summary judgment. Therefore, the Court did not commit error in considering Bruin's Eighth Amendment claim against Swank on the merits rather than granting summary judgment because of Bruin's failure to raise an opposing argument. Accordingly, Swank's motion to reconsider must be denied.

## IV.    Conclusion

For the reasons state above, Swank's Motion to Reconsider, DN 171, is **DENIED**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 21, 2021

cc: counsel

Brandon R. Bruin, PRO SE
240651
LITTLE SANDY CORRECTIONAL COMPLEX
505 Prison Connector
Sandy Hook, KY 41171